UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PLIMSOLL MARINE, INC., AS OPERATOR AND OWNER *PRO HAC VICE,* OF THE M/V MARGARET, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.<br><br>SECTION "__"<br>Judge<br><br>MAGISTRATE "__"<br>Magistrate Judge |

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW the limitation plaintiff, Plimsoll Marine, Inc., as operator, owner and/or owner *pro hac vice* of the M/V MARGARET ("Petitioner"), and in support of its Complaint seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq.*, states as follows:

1.

This action is brought pursuant to 46 U.S.C. § 30501, *et seq.*, commonly called the Limitation of Liability Act.

2.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE. This matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, FEDERAL RULES OF CIVIL PROCEDURE.

3.

Jurisdiction exists in this action pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*.

4.

At all material times, Plimsoll Marine was the operator, owner and/or owner *pro hac vice* of the M/V MARGARET and is organized and existing pursuant to the laws of the state of Louisiana with its principal place of business in Mobile, Alabama.

5.

Prior to the incident that is the subject of this proceeding, and at all material times, Petitioner exercised due diligence to place and maintain the M/V MARGARET in a seaworthy condition in all respects, and the M/V MARGARET was in fact tight, staunch, strong, fully and properly equipped, and seaworthy in all respects, fit and proper for the service in which it was engaged at the time of the occurrence hereinafter described.

6.

On January 19, 2019, the M/V MARGARET was operating on the Mississippi River and was located at or about Mile Marker 175 on the lower Mississippi River near Darrow, Louisiana.

7.

At approximately 1000 hours on January 19, 2019, the M/V MARGARET was working with or near a barge when David Lewis, a member of the crew of the M/V MARGARET who was on the barge allegedly slipped and fell hitting his knee on a kevel causing injury to his knee.

8.

Immediately following this incident, the value of Petitioner's interests in the M/V MARGARET was $324,305.55. The value of the freight pending within the meaning of the applicable statutes was zero. Attached hereto as Exhibit 1 is a Declaration of Kyle J. Smith reflecting the value of said vessel at the time immediately following the incident.

9.

As a result of the foregoing incident, David Lewis has filed suit in the 127th Judicial District Court, Harris County, Texas in the matter entitled "*David Lewis v. Cooper/Ports America, LLC, Cooper/T.Smith Stevedoring Company, Inc., Cooper Marine & Timberlands Corp., and Cooper Timberlands, Inc.*" bearing civil action number 2019-57938, on the docket of said court. Petitioner has not been made a party to the Harris County, Texas lawsuit.

In addition to the foregoing claim, other additional claims may be asserted against Petitioner and/or the M/V MARGARET by other parties for damages, personal injuries, contribution, indemnity or any other losses as a result of the casualty. Petitioner avers that the amount of the damages and/or claims described herein and all other possible claims may exceed the amount or value of Petitioner's interests in the M/V MARGARET and its pending freight.

10.

The above described incident, and all losses and damages resulting from it, were not caused by negligence on the part of Petitioner, or on the part of the M/V MARGARET, nor any persons for whom Petitioner were and are responsible, nor were there any unseaworthy conditions aboard the M/V MARGARET that caused or contributed to the incident. Accordingly, Petitioner and the M/V MARGARET are entitled to be exonerated from all liability for the incident.

11.

Additionally and/or alternatively, the incident, and all losses and damages occurring as a result of it, occurred without any privity or knowledge of any officer, director or managing agent of Petitioner, and for this reason Petitioner and the M/V MARGARET are entitled to limit their liability to the post-accident value of the M/V MARGARET pursuant to 46 U.S.C. § 30501, *et seq*.

12.

Subject to a formal appraisal of Petitioner's interests in the M/V MARGARET, Plimsoll Marine shall offer an *ad interim* stipulation and bond for the value of the M/V MARGARET in the sum of $324,305.55, said sum being equal to the aggregate value of Petitioner's interests in the M/V MARGARET.

13.

This Complaint is filed within six (6) months after Plimsoll Marine's receipt of first written notice of a claim.

14.

At the time this Complaint was filed, the M/V MARGARET was within the jurisdictional boundaries of the United States District Court for the Middle District of Louisiana.

15.

Petitioner avers that there are no unsatisfied liens or claims of liens arising on the above-reference voyage so far as is known.

16.

Pursuant to 46 U.S.C. §30501, et seq., Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Local Admiralty Rule 65.1(a)(2), Plimsoll Marine files

simultaneously herewith, to be deposited into the Registry of the Court, the amount of $250 in lieu of filing a cost bond.

WHEREFORE, Plimsoll Marine, Inc. prays:

1. That this Court enter an Order approving an *ad interim* stipulation to be filed by Petitioner for the value of their interests in the M/V MARGARET in the amount of $324,305.55;

2. That this Court accept the *ad interim* stipulation and approve the Bond of Undertaking to be filed as security for the value of the M/V MARGARET and the court costs in the total amount of $324,305.55 plus interest at the rate of six percent (6%) per annum from the date of this Complaint;

3. That this Court issue an order enjoining or restraining the commencement or prosecution of any and all actions, suits or legal proceedings of whatsoever kind, nature or character by any claimant against Plimsoll Marine, Inc., its respective officers, agents, servants, employees or affiliated companies, underwriters or against the M/V MARGARET itself, arising out of or attributable to the incident;

4. That this Court admonish each and every claimant to appear and file his or her claim with the Clerk of this Court on or before a date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims;

5. That this Court direct each and every claimant to answer the allegations contained in this Complaint;

6. That this Court, after due hearing, determine that Plimsoll Marine, Inc. and/or the M/V MARGARET are not liable for any damage on any basis whatsoever in connection with the incident; and

7. That, in the alternative, should this Court determine that Plimsoll Marine, Inc. and/or the M/V MARGARET are liable to any person, firm, corporation or entity to any extent on any basis, which is denied, the Court then determine that Plimsoll Marine, Inc. is entitled to limit their liability to the value of their interests in the M/V MARGARET and that a judgment be entered discharging Plimsoll Marine, Inc. and the M/V MARGARET from any further liability arising from or growing out of or in connection with the incident; and, for such other relief as the proof may show appropriate.

Respectfully submitted this 12th day of December, 2019.

        MILLER HAHN, PLLC

        By:*/s/ Kent B. Ryan*
        Kent B. Ryan, T.A. (#18418)
        Stephanie D. Skinner (#21100)
        Allan C. Crane (#23700)
        365 Canal Street, Suite 860
        New Orleans, LA 70130
        Telephone: (504) 684-5044
        Facsimile: (866) 578-2230

        Attorneys for limitation plaintiff,
        Plimsoll Marine, Inc.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PLIMSOLL MARINE, INC., AS OPERATOR AND OWNER *PRO HAC VICE,* OF THE M/V MARGARET, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.<br><br>SECTION "__"<br>Judge<br><br>MAGISTRATE "__"<br>Magistrate Judge |

VERIFICATION OF COMPLAINT BY KENT B. RYAN

I, Kent B. Ryan, state and declare as follows:

1. That I am a Partner in Miller Hahn, PLLC, and counsel for Plimsoll Marine, Inc., as owner and limitation plaintiff, in the above-captioned proceeding;

2. That I have read the above and foregoing Complaint, and all of the allegations of fact contained therein are true and correct to the best of my information, knowledge and belief;

3. That I am authorized by Plimsoll Marine, Inc. to make this Verification on their behalf; and

4. That I make this Verification as my free act and deed and as the free act and deed of Plimsoll Marine, Inc.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 12th day of December, 2019, in the City of New Orleans, Parish of Orleans, and State of Louisiana.

_____
Kent B. Ryan