CAUSE NO. _____

| | | |
|---|---|---|
| DAVID LEWIS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| COOPER/PORTS AMERICA, LLC; | § | |
| COOPER/T. SMITH STEVEDORING | § | |
| COMPANY, INC.; COOPER MARINE & | § | |
| TIMBERLANDS CORP.; and | § | |
| COOPER TIMBERLANDS, INC. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff David Lewis, complaining of Defendants Cooper/Ports America, LLC, Cooper/T. Smith Stevedoring Company, Inc., Cooper Marine & Timberlands Corp., and Cooper Timberlands, Inc., and, for cause of action, would respectfully show this Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1 Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2.1 Plaintiff is an American seaman and citizen of Louisiana.

2.2 Defendant Cooper/Ports America, LLC, is a Texas limited liability company with its principal place of business in Houston, Harris County, Texas, doing business in the State of Texas for the purpose of accumulating monetary profit. Defendant may be served with process through its registered agent, David Morgan, 2315 McCarty Dr., Houston, Texas 77029.

2.3     Defendant Cooper/T. Smith Stevedoring Company, Inc., is a foreign corporation with a principal place of business in Houston, Harris County, Texas, doing business in the State of Texas for the purpose of accumulating monetary profit. Defendant may be served with process through its registered agent, C.T. Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

2.4     Defendant Cooper Marine & Timberlands Corp., is a foreign corporation with its principal place of business in Mobile, Alabama. Defendant may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for services because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant's business in Texas. Pursuant to Tex.Civ.Prac. & Rem. Code § 17.045, the Secretary of State is requested to forward a copy of this Petition, along with Citation, by certified mail, return receipt requested to Defendant Cooper Marine & Timberlands Corp., at its home office, 118 North Royal Street, Mobile, Alabama 36602.

2.5     Defendant Cooper Timberlands, Inc., is a Texas corporation with its principal place of business in Houston, Harris County, Texas, doing business in the State of Texas for the purpose of accumulating monetary profit. Defendant may be served with process through its registered agent, C.T. Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### III. JURISDICTION

3.1     This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States. This Court has jurisdiction pursuant to the Saving to Suitors clause. This Court also has jurisdiction over this case because Defendants systematically conduct

business in the State of Texas. The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

3.2     It is well-established that Jones Act cases are not removable to federal court.

## IV.  VENUE

4.1     Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code § 15.0181(c).

## V.  FACTS AND NEGLIGENCE OF DEFENDANTS

5.1     At all material times hereto, Defendants owned, operated and/or crewed the tug *Margaret* ("the vessel") and her tow, the vessel on which Plaintiff worked, the vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters.

5.2     At all material times hereto, Plaintiff was employed by Defendants as a deckhand and member of the crew of the vessel.

5.3     On or about January 19, 2019, while Plaintiff was performing his duties in the service of the vessel, he was injured during vessel operations when he slipped and fell in the water between two barges in the vessel's tow. The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of all Defendants, and unseaworthiness of the vessel, in the following particulars, among others:

    (a)     failing to provide proper and adequate equipment to perform the job;

    (b)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

    (c)     failing to take reasonable precautions for Plaintiff's safety;

    (d)     failing to provide Plaintiff with a reasonably safe place to work; and

(e) other acts of negligence and/or omissions to be shown at trial herein.

## VI.  COUNT 1 - JONES ACT

6.1     Plaintiff's injuries were sustained in the course of his employment and were caused by the negligence and/or gross negligence of Defendants, their officers, agents, or employees, as described herein.

## VII.  COUNT 2 - UNSEAWORTHINESS

7.1     Plaintiff's injuries were caused by Defendants' breach of duty to furnish a seaworthy vessel.

## VIII.  ALTER EGO LIABILITY

8.1     Defendants Cooper/Ports America, LLC, Cooper/T. Smith Stevedoring Company, Inc., Cooper Marine & Timberlands Corp., and Cooper Timberlands, Inc., are each the alter ego of the other, and were mere tools or business conduits of the other.  These entities have a financial interest in each other, and there is also such unity between these entities that their separateness has ceased to exist. To hold only one of these defendants liable would be an injustice, such that its alter ego is allowed to escape its true legal liability.  Evasion of legal liability is therefore also a basis to pierce the corporate veil, and hold each of the controlling entities liable for the acts of its alter ego.

## IX.  DAMAGES

9.1     As a direct and proximate result of all Defendants' negligence and/or gross negligence, Plaintiff suffered the following injuries and resultant damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future;

(f) medical expenses in the past and future; (g) physical pain and suffering in the past and future; (h) punitive damages.

9.2  Plaintiff is seeking monetary relief over $1,000,000.

## X.  REQUEST FOR DISCLOSURE

10.1  Plaintiff requests that each defendant disclose, within 50 days of the original service of this request, the information or material described in Rule 194.2, Tex.R.Civ.P.

WHEREFORE, Plaintiff prays the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Actual damages;
b. Exemplary damages;
c. Prejudgment and post-judgment interest;
d. Court costs;
e. Punitive damages and attorney's fees; and
f. All other relief to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
State Bar No. 24076708
mspagnoletti@spaglaw.com
Eric J. Rhine
State Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
713.653.5600 (T)
713.653.5656 (F)

ATTORNEYS FOR PLAINTIFF