UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF THE
COMPLAINT OF PLIMSOLL
MARINE, INC., AS OPERATOR AND
OWNER *PRO HAC VICE*, OF THE
M/V MARGARET FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY

CIVIL ACTION

NO. 19-00861-BAJ-RLB

## ORDER

Before the Court is **David Lewis's Motion to Lift Stay (Doc. 12)**. The Motion is opposed (Doc. 15). For the reasons described below, the Motion is DENIED.

### I. BACKGROUND

On January 19, 2019, while working on the Mississippi River in the vicinity of Darrow, Louisiana, Lewis allegedly slipped and fell while on the M/V Margaret and was injured. (Doc. 12-1, p. 1; Doc. 15, p. 2). On August 20, 2019, Lewis filed suit in Texas state court to recover damages attributable to the incident. (*Id.*); *See also* Cause No. 2019-57938: *Davis Lewis v. Cooper/Ports America, LLC, et al.* The suit brought claims of negligence and gross negligence under the Jones Act and for unseaworthiness of the vessel against four entities: Cooper/Ports America, LLC, Cooper/T. Smith Stevedoring Company, Inc., Cooper Marine & Timberlands Corp., and Cooper Timberlands Inc (hereinafter the "Texas Defendants"). (Doc. 12-1, p. 1).

Plimsoll Marine, Inc. ("Plimsoll") asserts that, at all relevant times, it was the owner and operator of the M/V Margaret, as well as Lewis's Jones Act employer—a fact which was communicated to Lewis's counsel. (Doc. 15, p. 2); (Doc. 15-1, p. 2).

1

While Plimsoll was not directly named as a defendant in the Texas litigation, as the owner of the M/V Margaret it decided to avail itself of its rights under the Limitation Act, 46 U.S.C.A. § 30511,[1] and filed a Complaint for Exoneration From or Limitation of Liability in this Court. (Doc. 1).

On the same day, in accordance with Federal Rule of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions F(3), Plimsoll also filed a Ex-Parte Motion and Incorporated Memorandum for Order Approving Petitioners-in-Limitation's Bond, Affidavit of Valuation, and *Ad Interim* Stipulation and Directing Issuance of Notice to Claimants and Restraining Prosecution of Claims. (Doc. 3). When the Court granted this Motion, it instituted a stay on all pending actions against Plimsoll and the M/V Margaret. (Doc. 4). In recognition of this Stay, the Texas Defendants filed a Notice of Stay enjoining Lewis's Texas state court action. (Doc 12-1, p. 2). On January 27, 2020 this Court issued a Notice requiring that all prospective claimants file claims, in writing, with the Court on or before April 15, 2020, or be defaulted. (Doc. 6). To date, claims have been filed on behalf of David Lewis, Cooper/T. Smith Stevedoring Company, Inc., and Cooper Marine & Timberlands Corp. (Doc. 7); (Doc. 8); (Doc. 9).

Before proceedings could begin, Lewis filed the instant Motion to lift the stay, asserting that the stay should only apply to Plimsoll, the vessel's owner, and not extend to the four defendants in the Texas litigation. (Doc. 12-1, p. 3). Lewis requests

---

[1] "The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C.A. § 30511(a).

that the Court lift the stay to prohibit "gamesmanship." (Doc. 12-1, p. 2).

## II. LEGAL STANDARD

Federal courts have exclusive jurisdiction over suits by shipowners invoking the Limitation Act. *In re Tidewater, Inc.*, 249 F.3d 342, 345 (5th Cir. 2001). The Limitation Act provides that "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter." 46 U.S.C.A. § 30511(a). The complaint must be filed within six months of the owner's receipt of written notice of a claim. *Id.* "A communication qualifies as 'written notice' if it 'reveals a possibility that the claim will exceed the value of the vessel.'" *In re RLB Contracting, Inc.*, 773 F.3d 596, 602 (5th Cir. 2014). A state court complaint "clearly gives notice of the claim itself." *Id.* at 603. Upon a properly filed claim, "the federal court may stay all other proceedings against the shipowner arising out of the same accident and require all claimants to timely assert their claims in the limitation court. *Texaco, Inc. v. Williams*, 47 F.3d 765 (5th Cir. 1995).

There are two circumstances where a district court will permit a claimant to maintain a claim in the forum of their choosing, despite the limitation of liability proceeding. First, when the owner of the vessel has deposited with the court an amount in excess of all claims, because there is no possibility that the owner could be held liable in excess of the limitation amount. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 450 (2001) (citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957)). Second, where claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and they will not seek to enforce a greater damage award until the limitation action is heard by the federal court. *In re Port*

3

*Arthur Towing Co.*, 42 F.3d 312, 316 (5th Cir. 1995).

However,

> If the district court concludes that the vessel owner's right to limitation will not be adequately protected—where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims—the court may proceed to adjudicate the merits, deciding the issues of liability and limitation.

*Lewis*, 531 U.S. at 454.

### III. DISCUSSION

In requesting that the stay be lifted, Lewis asserts that because Plimsoll was not a party to the state court action, this Court may not enjoin the Texas litigation. (Doc. 12). Lewis argues that the Texas Defendants are improperly benefitting from the stay instituted by this Court, and that "there was a simple solution" if the Texas Defendants wished to avail themselves of the protections of the Act—"join with Plimsoll as a petitioner in this case." (Doc. 12-1, p. 3–4).

However, the Texas Defendants did not have that option. The Limitation Act only permits the "owner" of a vessel to bring a limitation of liability action. 46 U.S.C.A. § 30511(a). Plimsoll Marine has alleged that it is the owner of the M/V Margaret, as well as Lewis's Jones Act employer, and therefore that its property is at issue here. (Doc. 15, p. 2). Cooper/T. Smith Stevedoring Company, Inc. and Cooper Marine & Timberlands Corp. both assert that they are not the owners of the M/V Margaret. *See* (Doc. 8); (Doc. 9). Therefore, upon receiving notice that its property was subject to a claim, Plimsoll—not the Texas Defendants—was the only entity legally entitled to file a limitation action.

If Plimsoll had not brought this action, it could have waived its rights to do so. *See* 46 U.S.C.A. § 30511(a). While it is true that Lewis's initial lawsuit never directly implicated Plimsoll, Lewis's Complaint asserted that "at all material times hereto, [Texas] Defendants owned, operated and/or crewed the tug *Margaret*." (Doc. 12-2, at ¶ 5.1). Lewis also asserts that he was employed by the Texas Defendants as a member of the crew of the M/V Margaret. (*Id.* at ¶ 5.2). In essence, Lewis's complaint attributed blame for his injuries to the owner of the M/V Margaret. By naming Plimsoll's vessel in the Complaint, it is possible that a Court would have construed the Texas Complaint as valid written notice as required by statute, thus triggering the six-month period in which a limitation action must be filed.[2] Therefore, Plimsoll is not attempting "to delay the underlying state court lawsuit, with no justification," (Doc. 12-1, p. 3), but rather protecting its limitation rights. Neither are the Texas Defendants improperly benefitting from the stay. *Id.* Because this Court is exclusively tasked with determining any right to limit liability, this Court must determine the ownership of the M/V Margaret and the relationship between the Texas Defendants and Plimsoll—issues which could improperly be litigated before

---

[2] *See, e.g. In re Tom-Mac, Inc.*, 76 F.3d 678 (5th Cir. 1996) (holding that a state court complaint which correctly named the owner of the vessel, but did not specify which vessel was at issue, constituted written notice of a claim sufficient to trigger a reasonable possibility that the Limitation Act was implicated); *In re Environmental Safety & Health Consulting Services, Inc.*, 463 Fed. Appx. 383 (5th Cir. 2012) (holding that a state court action which did not identify the owner of the vessel, but did identify the owner's subcontractor, constituted sufficient written notice to trigger six-month limitation period); *But see Billiot v. Dolphin Services, Inc.*, 225 F.3d 515 (5th Cir. 2000) (holding that a state court petition, which misidentified the vessel on which the incident allegedly occurred even after the owner informed plaintiff otherwise, did not constitute sufficient written notice of a claim so as to trigger the six-month Limitation Act filing deadline).

the Texas state court if the stay was lifted.

Given that the state court litigation was properly stayed, the Court will now determine whether there is valid reason to lift the stay. Here, Plimsoll could be exposed to liability in excess of the limitation fund. The value of the M/V Margaret is $324,305.55 (Doc. 1, p. 3). Lewis seeks "monetary relief over $1,000,000," *see* (Doc. 12-2, at ¶ 9.2). Therefore, his damages could exceed the limitation fund. However, he has not made any stipulation to assure the Court and Plimsoll that his claims will not exceed the limitation fund. Therefore, Plimsoll's right to limitation may not be adequately protected if the stay is lifted. As such, the Court properly maintains jurisdiction and will proceed to adjudicate the merits of Plimsoll's petition. *Lewis*, 531 U.S. at 454 (citing *In re Port Arthur Towing Co.*, 42 F.3d at 314).

If, after the completion of discovery, Lewis can demonstrate either that the value of his claims is less than the value of the limitation fund or that neither Plimsoll nor its property is implicated in the underlying Texas litigation, Lewis may re-urge his motion.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that David Lewis's Motion (Doc. 12) is **DENIED**.

Baton Rouge, Louisiana, this 17th day of March, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA