## RELEASE, COVENANT NOT TO SUE, RECEIPT AND INDEMNITY AGREEMENT

This Release, Covenant Not to Sue, Receipt and Indemnity Agreement ("Agreement") is entered into by and between David Lewis ("LEWIS"), an adult resident and citizen of Louisiana, his heirs, successors and assigns, and Plimsoll Marine, Inc., ("PLIMSOLL"), Cooper Marine & Timberlands Corp, Cooper/Ports America, LLC, Cooper/T. Smith Stevedoring Company, Inc., Cooper Timberlands, Inc. (collectively "COOPER ENTITIES") and their parent, affiliated, and subsidiary entities, predecessors and successors, any of their respective officers, directors, shareholders, associates, or agents, any of its and their insurance underwriters, and any vessel owned, operated, or owned *pro hac vice* by PLIMSOLL or the COOPER ENTITIES, *in rem*, including the M/V MARGARET, and any barges on which LEWIS worked or which comprised or were intended to comprise the tow of any vessel owned and/or operated by PLIMSOLL or the COOPER ENTITIES on the date when any alleged accident involving LEWIS occurred and/or when any illness or injury alleged by LEWIS to have been caused or contributed to by any acts or omissions of PLIMSOLL or the COOPER ENTITIES were contracted (hereinafter sometimes collectively referred to as the "RELEASED PARTIES").

LEWIS was, at all material times, employed by PLIMSOLL as a deckhand and claims that on or about January 19, 2019, the M/V MARGARET was working with, on and/or near certain barges while in the process of securing them in a fleet, he slipped and fell into the river ("Incident") allegedly suffering injuries to his knees, torso, back, neck, arms and legs, and body generally including illnesses and certain psychological issues as a result of the fall ("Injuries").

LEWIS sought and received medical care after the Incident, which included, but was not limited to, treatment by Drs. Kenneth Berliner, Suneil Jolly, John Harris, Nguyen Nguyen, PA Ella Digby as well as other healthcare providers at Lonestar Orthopedics, Louisiana Pain Specialists,



Ascension Physical Therapy, Gulf Coast Occupational Medicine, One Step Diagnostic among others.

LEWIS has, through his attorneys, claimed that the Incident was caused by the negligence of PLIMSOLL and the COOPER ENTITIES and the unseaworthiness of the M/V MARGARET, or other vessels or barges owned or operated by PLIMSOLL and/or their crews or with which they were working. PLIMSOLL and the COOPER ENTITIES deny that they were negligent or that any of their owned or operated vessels, including but not limited to the M/V MARGARET, or any barges in the tow of the M/V MARGARET or with which they were working, or crew were unseaworthy. PLIMSOLL and the COOPER ENTITIES deny that their acts or omissions caused, or contributed to, in any degree, any injury to or illness alleged by LEWIS.

In furtherance of those claims LEWIS has filed suit in the 281st Judicial District Court, Harris County, Texas in the matter entitled *"David Lewis v. Cooper/Ports America, LLC, Cooper/T.Smith Stevedoring Company, Inc., Cooper Marine & Timberlands Corp., and Cooper Timberlands, Inc."* bearing civil action number 2019-57938 ("Texas Litigation") in which proceeding the COOPER ENTITIES filed responsive pleadings denying any and all liability in the premises and denying personal jurisdiction. PLIMSOLL subsequently filed a Complaint for Exoneration from or Limitation of Liability in the United States Federal Court for the Eastern District of Louisiana in the matter entitled *"In the Matter of the Complaint of Plimsoll Marine, Inc., as operator and owner pro hac vice, of the M/V MARGARET, for Exoneration from or Limitation of Liability"*, bearing Civil Action number 3:19-cv-00861 on the docket of said court in which proceedings LEWIS and some of the COOPER ENTITIES filed claims ("Limitation Action").

After consulting with his attorneys and with the full knowledge and understanding of his own physical, mental and medical condition, including any possible need for future medical treatment (including surgery), the circumstances of the alleged Incident, including the potential difficulties that he may have proving that PLIMSOLL and the COOPER ENTITIES were negligent or that the M/V MARGARET, or any other vessel was unseaworthy or that the RELEASED PARTIES are responsible for the payment of maintenance and cure, and the expense, inconvenience and uncertainty of continued litigation, LEWIS desires to accept the total consideration of FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($500,000.00), as well as the agreement by PLIMSOLL to pay outstanding medical costs incurred through March 28, 2022, but only to the extent as agreed by the parties at the mediation as set out further herein, in exchange for a full and final settlement of any and all claims that he now has, or may have,, or ever may have against PLIMSOLL and/or the RELEASED PARTIES arising out of the Incident or any other incidents, illnesses or injuries sustained by LEWIS during, arising out of or relating to his employment with PLIMSOLL or the COOPER ENTITIES or the termination of his employment with PLIMSOLL or the COOPER ENTITIES, whether these claims or damages be now known or whether they be wholly unknown at the present time and discovered in the future.

As a part of the consideration for this Agreement, LEWIS warrants, and the RELEASED PARTIES are entitled to, and do, rely on his warranty, that:

1. He is fully aware of his physical, mental, and medical conditions and any potential need for additional medical treatment in the future, including surgery;

2. That he may not have reached maximum medical improvement;

3. He has fully discussed with his attorneys the risks and costs involved in proceeding with the Litigation filed on his behalf against PLIMSOLL and the COOPER ENTITIES and fully

understands that he has the right to try his claims against PLIMSOLL and the COOPER ENTITIES to a judge and a jury and that he could recover more than $500,000.00, less than $500,000.00 or no amount whatsoever;

4. He is of the opinion that the settlement is reasonable and in his own best interests under the circumstances;

5. He is the only person or entity entitled to assert claims for any injuries or damages he sustained as a result of the Incident and/or his employment with PLIMSOLL and the COOPER ENTITIES;

6. He agrees that he is not employed by PLIMSOLL or any of the RELEASED PARTIES;

7. He agrees not to reapply for employment with PLIMSOLL or any of the RELEASED PARTIES;

8. He agrees that the RELEASED PARTIES are under *no* obligation to re-employ him under any circumstances whatsoever. In further consideration of this settlement between RELEASED PARTIES and himself, he hereby waives and forgives any and all rights or claims he may have had in the past, now have or may acquire in the future with regard to employment with PLIMSOLL and the RELEASED PARTIES;

9. He has no intention or knowledge of any need to apply for benefits and has not received any benefits from Medicaid, Medicare or similar federal or state agencies, or under the federal Medicaid or Medicare provisions;

10. He has not received any benefits or assistance from any of the agencies referenced in Paragraph 9 above or under federal or state provisions for medical assistance or medical services

at any time during his employment with PLIMSOLL or the RELEASED PARTIES for any of the injuries that are the subject of this Agreement;

11. He will defend, indemnify and hold harmless the RELEASED PARTIES in all respects whatsoever from any liability for any claim by any such agencies referenced in Paragraph 9 above related to such services;

12. He does not believe that he presently qualifies for any benefits mentioned in Paragraph 9;

13. He does not have any expectation of a need for Medicaid or Medicare assistance at any time over the next forty-eight (48) months.

14. He has read this Release, Receipt and Indemnity Agreement, has discussed it with his attorneys and fully understands that, by accepting the payment of $500,000.00 and executing this Agreement, he completely releases and discharges the RELEASED PARTIES and gives up any and all rights he may have in the future to pursue any claim or lawsuit against the RELEASED PARTIES arising out of, relating to, or resulting, directly or indirectly, from the Incident, or any other injury, accident, loss or illness he may have sustained during his employment with PLIMSOLL or in connection with the termination of his employment with PLIMSOLL; and

15. LEWIS is solely responsible for the payment of any and all attorneys' fees and costs incurred by him in this claim and that any such responsibility will be satisfied from the settlement funds.

The parties and counsel agree that the financial terms of this settlement shall be kept strictly confidential and that no disclosure concerning the amount of the settlement shall be made by the parties or counsel in any manner whatsoever, in whole or in part, other than to immediate family members, attorneys, tax and financial advisors, or corporate officers, auditors and/or others with a

need to know in the case of the RELEASED PARTIES, or as otherwise required by law. Consideration to LEWIS for his consenting to this confidentiality agreement amounts to $100.00 out of the $500,000.00 settlement funds.

LEWIS, by the execution of this Agreement, acknowledges his receipt of $500,000.00 paid on behalf of PLIMSOLL and the RELEASED PARTIES and accepts that amount in full satisfaction of any and all claims he has or which may arise in the future (whether known or unknown at this time) against the RELEASED PARTIES as a result, directly or indirectly, of the Incident, or any other incident, illness or accident which he may have sustained during his employment with PLIMSOLL or the COOPER ENITITIES, or as a result of his termination of employment with PLIMSOLL or the RELEASED PARTIES, whether these damages are now known or whether they are discovered in the future or arising from or in any way relating to his employment with PLIMSOLL and does hereby in partial consideration for the payment of the settlement funds to him, covenants to never sue again the RELEASED PARTIES and agrees to release and discharge the RELEASED PARTIES from any and all claims, rights, damages, actions, causes of action, remedies or obligations of whatsoever kind or nature which he now has or which he or his heirs or legal representatives may hereafter acquire for damages of any kind or nature and based on any legal remedy that he or they might have, including, without limitation, under any state or federal law, or compensation act or any policy of insurance against the RELEASED PARTIES as a result, direct or indirect, of the Incident, or any other incident, illness or accident which he may have sustained during his employment with PLIMSOLL or as a result of his termination of employment with PLIMSOLL or the RELEASED PARTIES, whether these damages are now known or whether they are discovered in the future. The claims released by LEWIS include, but are not limited to, those relating to the Incident and/or LEWIS' employment

with PLIMSOLL which arise under any express or implied contract, law, common law, rule, regulation, or ordinance, including, but not limited to, the Jones Act (46 U.S.C. § 30104, *et seq.*), the general maritime law doctrines of unseaworthiness and maintenance and cure (past and future), Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, *et seq.*, and State Civil Rights Acts, including claims for retaliation or discrimination.

LEWIS further expressly agrees to protect, defend, indemnify and hold harmless the RELEASED PARTIES, or any of them, from and against any and all further claims or demands asserted by any party claiming by, through or under LEWIS, growing out of or in any way connected with the damages, injuries, losses or expenses claimed to have been sustained by him as a direct or indirect result of the Incident, or any other incident, illness or accident which he may have sustained during his employment with PLIMSOLL, and/or any claim arising from his employment in any way with PLIMSOLL and/or as a result of any of LEWIS' warranties given herein proving to be false, regardless of whether any such claims or demands are caused in whole or part by the fault, neglect and/or strict liability of the RELEASED PARTIES.

LEWIS agrees, as further consideration for this settlement, to pay and satisfy any liens, subrogation claims or other claims or rights of recovery for past, existing or future, known or unknown amounts arising out of and/or related to LEWIS' claims and LEWIS agrees to defend, indemnify and hold harmless the RELEASED PARTIES from any and all suits, damages, costs, attorneys fees, liens or subrogation claims arising from LEWIS' medical care or legal representation.

LEWIS expressly agrees that the RELEASED PARTIES are not responsible for the payment of any medical bills or expenses for actual treatment that had not already been received by PLIMSOLL as of March 28, 2022. RELEASED PARTIES will pay outstanding medical costs through March 28, 2022, but only the balances previously agreed by the parties at mediation, which are limited to $59,770.00 for Louisiana Pain Specialists and $26,844.03 to Lone Star Orthopedics. Plimsoll will audit and adjust those balances directly with the provider. All other medical bills or costs for past of future medical care are and will be the responsibility of LEWIS.

The parties hereby select the United States District Court for the Middle District of Louisiana as the exclusive jurisdiction in which disputes arising from any alleged breach of this Agreement or any disputes related in any way to this Agreement may be adjudicated. The parties hereby stipulate to the personal jurisdiction of this Court over them, waive any defense based on lack of personal jurisdiction and acknowledge that this Agreement is a settlement of claims brought under the federal statutory law and the general maritime law.

It is agreed the prevailing party in any litigation which is brought to enforce this Agreement will be entitled to recover his or its attorneys' fees and expenses from the party adjudged to be in default in its obligations under this Agreement.

The parties to this Agreement are both represented by competent legal counsel and agree that there shall be no presumption against either in its interpretation of this Agreement, if any, as the drafter of this Agreement.

If any portion or portions of this Agreement shall be deemed void, voidable or invalid by a court of law, it is agreed the remainder of the Agreement shall survive and be fully enforceable despite the invalidity of any such other portion.

LEWIS hereby authorizes Miller Hahn, PLLC, as counsel for the RELEASED PARTIES, and/or the RELEASED PARTIES, to deliver the settlement funds made payable to "David Lewis and Spagnoletti Law Firm" to Spagnoletti Law Firm located at 401 Louisiana Street, 8th Floor, Houston, TX 77002-1629.

LEWIS hereby agrees to protect, defend, indemnify and hold harmless the RELEASED PARTIES and Miller Hahn, PLLC, their agents, representatives and insurers, from any and all claims, actions, damages, costs, or losses (including any attorneys' fees and litigation expenses incurred by them) resulting from or relating in any way to the delivery of the settlement funds by Miller Hahn, PLLC to Spagnoletti Law Firm.

**For the same consideration set forth above, LEWIS hereby agrees to the immediate dismissal of the Texas Litigation through his respective counsel of record and that said dismissal with prejudice will be filed within 48 hours of the funding of this settlement by Miller Hahn, PLLC as discussed above with no actions by Texas counsel for the COOPER ENTITIES being necessary.**

**QUESTIONS TO BE ANSWERED BY LEWIS**

1. Have you read, or had read to you by your attorney, this paper consisting of ten (10) pages from beginning to end and understood its contents?

**ANSWER AND INITIAL:** _yes    DL_

2. Have you consulted with an attorney concerning your legal rights to maintenance and cure under General Maritime Law and your rights to recover against PLIMSOLL or the RELEASED PARTIES and their vessels for damages and/or disability resulting from your injuries or illness?

**ANSWER AND INITIAL:** _yes    DL_

3. Do you know the paper you are signing is a full and final release of all claims and an agreement never to sue PLIMSOLL or the other RELEASED PARTIES for any and all claims you have or which may arise in the future (whether known or unknown at this time) against the RELEASED PARTIES as a result, direct or indirect, of the Incident, or any other incident, illness or accident which you may have sustained during your employment with PLIMSOLL or as a result of your termination of employment with PLIMSOLL or the RELEASED PARTIES, whether these damages are now known or whether they are discovered in the future or arising from or in any way relating to his employment with PLIMSOLL and to hold harmless, defend and indemnify PLIMSOLL or the other RELEASED PARTIES from any and all legal claims, including claims and/or judgments arising out of the Incident, or any other incident, illness or accident which you may have sustained during your employment with PLIMSOLL?

**ANSWER AND INITIAL:** _yes    DL_

4. Are you fully aware of the extent of your injuries, the possible need for future treatment, including surgery, and the extent of permanent disability, if any, which may result from these injuries?

**ANSWER AND INITIAL:** _yes    DL_

5. Do you understand that (a) you will never again be able to bring any claim or lawsuit against PLIMSOLL or the other RELEASED PARTIES for claims arising as a result, direct or indirect, of the Incident, or any other incident, illness or accident which you may have sustained during your employment with PLIMSOLL or as a result of your termination of employment with PLIMSOLL or the RELEASED PARTIES, whether these damages are now known or whether they are discovered in the future or arising from or in any way relating to your employment with PLIMSOLL and (b) this Release, Receipt and Indemnity Agreement is the only

agreement having anything to do with the settlement of this matter between you and PLIMSOLL the RELEASED PARTIES?

**ANSWER AND INITIAL:** yes DL

6. After having consulted with your physicians and legal counsel concerning your injuries and the worth of your claim, do you feel the sum of $500,000.00 is a sufficient and adequate compensation as relates to your claim against PLIMSOLL for the alleged injuries you claim you sustained and any permanent or temporary disability which may result from the injuries or illnesses sustained for which you sought compensation in the Litigation?

**ANSWER AND INITIAL:** yes DL

7. Are you satisfied in all respects with this settlement and do you desire to be made, and do you make this settlement of your own free will, with a full understanding of the terms of said settlement and without being under undue influence or duress?

**ANSWER AND INITIAL:** yes DL

8. Are you completely sober and not under the influence of alcohol or drugs at the time of signing this Release?

**ANSWER AND INITIAL:** yes DL

WITNESS MY SIGNATURE made after I was sworn under oath and read, or had someone read to me, this document, this the 2nd day of May, 2022.

_____
DAVID LEWIS

STATE OF Louisiana
COUNTY OF Terrebonne

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the county and state aforesaid, the within named DAVID LEWIS, who, being by me first duly sworn,

acknowledged that he signed and delivered the foregoing instrument on the day and year therein mentioned as his own act and deed.

GIVEN UNDER MY HAND AND SEAL, this the 2nd day of May, 2022.

My Commission Expires: At Death

_Christina P. Jones #131822_
NOTARY PUBLIC

_Christina P. Jones_
Print Name

## ACKNOWLEDGEMENT

STATE OF <u>TEXAS</u>

COUNTY OF <u>HARRIS</u>

### ERIC J. RHINE

Counsel of record for DAVID LEWIS, acknowledges that he has read the Release, Covenant Not to Sue, Receipt and Indemnity Agreement, explained the legal effect of this Release, Covenant Not to Sue, Receipt and Indemnity Agreement to DAVID LEWIS, that DAVID LEWIS acknowledged that he understood the terms, conditions and effect of the Agreement, including his right with respect to the recovery of maintenance and cure (past and future), and that DAVID LEWIS desires to settle his claims against the RELEASED PARTIES according to the terms set forth in the Release, Covenant Not to Sue, Receipt and Indemnity Agreement.

_____
ERIC J. RHINE